UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1547 CAS (OPx) | Date | October 15, 2010 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION v. SUNG CHANG | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (Chambers:) **PLAINTIFF'S EX PARTE MOTION TO REMAND TO STATE COURT AND FOR AWARD OF ATTORNEYS' FEES** (filed 10/13/10)

**I.   INTRODUCTION & BACKGROUND**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On September 18, 2009, plaintiff U.S. Bank National Association filed the instant action against Sung Chang, and Does 1 through 10, inclusive in Riverside County Superior Court for unlawful detainer pursuant to California Civil Procedure Code Section 1161et seq.

On October 12, 2010, defendant removed the instant action to the United States District Court for the Central District of California, Eastern Division. On October 15, 2010, the instant action was reassigned to this Court. Defendant's basis for removal is that this Court has federal question jurisdiction and/or diversity jurisdiction over plaintiff's complaint. See Notice of Removal ¶¶ 15–16.

On October 13, 2010, plaintiff filed an Ex Parte Motion to Remand to State Court and for Award of Attorneys' Fees. After carefully considering plaintiff's arguments, the Court finds and concludes as follows.

The instant action arises from a foreclosure sale on defendant's principal residence, located at 8275 Bayberry Ridge St., Riverside, CA 92508 (the "property"). Complaint ¶¶ 1, 7; Notice of Removal ¶¶ 2, 9. Plaintiff alleges that on August 12, 2009, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1547 CAS (OPx) | Date | October 15, 2010 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION  v. SUNG CHANG | | |

became the owner of the property by purchasing the property in a Trustee's Sale following foreclosure proceedings. Complaint ¶ 5; Ex. 1. Plaintiff alleges that defendant occupied the property without consent or authorization from August 12, 2009, to the present. Complaint ¶ 7. On September 3, 2009, plaintiff caused to be served on defendant a written notice requiring and demanding that defendant quit and deliver possession of the property to plaintiff with three (3) days. Complaint ¶ 8. On September 3, 2010, in an action brought by plaintiff against defendant in Riverside County Superior Court, entitled U.S. Bank National Association v. Chang, Case No. RIU015483, the court ruled that plaintiff was entitled to possession and granted plaintiff damages in the amount of $17,950. See Ex. B at 4–5. A Writ of Possession issued in plaintiff's favor on September 14, 2010, and a lockout is currently set for October 15, 2010 by the Riverside County Sheriff's Department. Mot. at 4; Ex. B at 2.

## II.    LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13, 27–28 (1983). Where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if: (1) the federal issues are essential to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1547 CAS (OPx) | Date | October 15, 2010 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION  v. SUNG CHANG | | |

claims; (2) there is a substantial federal interest in resolving such issues; and (3) a federal forum may entertain the state-law claims without disturbing the balance of federal and state judicial responsibilities.  See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313–15 (2005).

### III. DISCUSSION

As a preliminary matter, the Court notes that there is no basis for removal founded on diversity jurisdiction.  Removal on the basis of diversity jurisdiction requires that the parties be in complete diversity and that the amount in controversy exceed $75,000.  28 U.S.C. § 1332(a)(1); see Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  In the instant case, plaintiff alleges that the claim is under $25,000 and defendant alleges no facts to demonstrate that the amount in controversy exceeds $75,000.  See Complaint ¶ 1.

With regard to jurisdiction based on a federal question, under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally.  See 28 U.S.C. § 1441(a).  28 U.S.C. § 1331 gives federal courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The question of whether the claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to plaintiff's complaint.  Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983).  Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd., 463 U.S. at 27–28.  As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim."  Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

In this case, plaintiff's wrongful detainer action arises under California law.  Defendant's defenses under various federal statute do not provide a basis for federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1547 CAS (OPx) | Date | October 15, 2010 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION  v. SUNG CHANG | | |

jurisdiction.[1]  See Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908) ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action, and asserts that the defense is invalidated by some provision of the Constitution of the United States.").  Moreover, defendant's assertion of a counterclaim based on federal law does not provide for "arising jurisdiction."  See Holmes Group, Inc. v. Vornado Circulation Sys., 535 U.S. 826, 831 (2002).

Furthermore, a notice of removal must be filed within 30 days from the date on which defendant receives a copy of the state-court complaint.  28 U.S.C. § 1446(b).  Here, it appears defendant was served a copy of the state-court complaint in September 2009, and a final judgment was entered in September 2010.  Notice of Removal; Exs. A and B.  Thus, it appears that there is no pending state court action to be removed.  Moreover, even if it could be said that some pending action exists, the removal petition is dated more than a year after defendant was served with process in the underlying state proceeding, and is therefore untimely.

Finally, to the extent that defendant's removal can be construed as a request for this Court to review the Superior Court's September 3, 2010 decision, the Court is barred by the Rooker-Feldman doctrine.  Under the Rooker-Feldman doctrine, a federal court is without jurisdiction to exercise appellate review of state court judgments.  See Rooker-Feldman, 263 U.S. 413 415–16 (1923).  Specifically, the Rooker-Feldman doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the judgment itself violates the loser's federal [constitutional] rights."  Johnson v. DeGrandy, 512 U.S. 997, 1005–06 (1994).  While defendant contends that the foreclosure sale itself was unlawful and should be set aside, defendant fails to show why she did not have the opportunity to raise her federal defenses in proceedings in the Superior Court.

## IV.   CONCLUSION

---

[1] Defendant states that she intends to challenge her foreclosure as in violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.  See Notice of Removal ¶¶ 8, 9, 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1547 CAS (OPx) | Date | October 15, 2010 |
|---|---|---|---|
| Title | U.S. BANK NATIONAL ASSOCIATION v. SUNG CHANG | | |

    In accordance with the foregoing, the Court finds that it lacks subject matter jurisdiction over this case, and to the extent necessary, the Court hereby REMANDS to the Riverside County Superior Court for any necessary further proceedings.[2] Plaintiff's motion for attorneys' fees and costs is DENIED.

    IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[2] Because the Court finds that it lacks jurisdiction over the action, the Court does not reach defendant's request that this case be consolidated with the existing Twin Builders Foundation class action referenced in defendant's removal petition.